**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANK A. LAMB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-CV-798-TLW** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Frank A. Lamb seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Social Security Act"), 42 U.S.C. §§ 416(i) and 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 11). Any appeal of this decision will be directly to the Tenth Circuit.

## Background

On August 2, 2007, Plaintiff filed his application for disability benefits. Plaintiff initially alleged that he became disabled on January 16, 2002, but amended his alleged onset date to September 10, 2003, during the administrative hearing (R. 47). Plaintiff was 59 years old when his insured status under the Act expired on December 31, 2007. (R. 97, 102). He completed the 10th grade and has past work experience as a welder. (R. 118, 122). On May 14, 2009, the administrative law judge (ALJ) issued his decision, finding that plaintiff was not disabled. (R. 8-15). The ALJ concluded that plaintiff had the severe impairments of depression and PTSD but that neither met or equaled a listing. (R. 10). The ALJ next concluded that plaintiff retained the

residual functional capacity to perform the full range of work at all exertional levels but was restricted by nonexertional limitations to simple, routine tasks involving no interaction with the general public and only superficial interaction with supervisors and co-workers. (R. 11-12). The ALJ concluded that plaintiff could not perform his past relevant work but that he could perform other work existing in a significant number of jobs in the national economy. (R. 14-15, 53-54). Plaintiff appeals the ALJ's decision.

### Standard of Review

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. § 404.1512(b). A disability is

a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by (an individual's) statement of symptoms." 20 C.F.R. § 404.1508. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 404.1513(a).

## Issues

Plaintiff argues that the ALJ's Decision should be reversed for the following reasons: (1) the ALJ failed to adequately discuss the findings of the Veteran's Administration that he was thirty percent disable due to PTSD and ten percent disabled from tinnitus; and (2) the ALJ failed to order a consultative examination or re-contact the treating Veteran's Administration physician. (Dkt. # 19 at 4).

## Discussion

First, plaintiff argues that the ALJ failed to adequately discuss the Veteran's Administration findings. Plaintiff relies solely on Social Security Ruling 06-03p, which states, "we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Id. Plaintiff claims that the ALJ did not consider the Veteran's Administration documentation, which evidenced a finding that plaintiff is thirty percent disabled due to PTSD and ten percent disabled for tinnitus. Plaintiff is incorrect. During the hearing, the ALJ specifically inquired of plaintiff regarding the findings of the Veteran's Administration. (R. 47-49). He also made the

following statement in his decision, after noting the Veterans Affairs findings: "[a]lthough the Veteran's Administration did find the clamant disabled, the ultimate issue of disability is a medical-vocational determination reserved for the Commissioner." The ALJ correctly cited SSR 96-5p in support of his statement. The ALJ also expressly stated that he had carefully considered the entire record.[1] (R. 10). Thus, there can be little doubt that the ALJ considered the disability finding of the Veteran's Administration.

Moreover, the Tenth Circuit has repeatedly ruled that "an ALJ is not required to discuss every piece of evidence in the record. Instead, he must discuss the evidence supporting his decision, and in addition 'must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence he rejects.'" Holcomb v. Astrue, 389 Fed.Appx. 757, 759 (10th Cir. 2010) (quoting Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir.1996)). To the extent that the Veteran's Administration findings are inconsistent with the ALJ's RFC, then those findings are not uncontroverted, since the ALJ thoroughly discussed the relevant medical evidence supporting his findings along with the reasons for his findings. Moreover, the ALJ's findings are entirely consistent with the findings of the Veteran's Administration as argued in defendant's brief.

With respect to the second argument, that the ALJ should have ordered a consultative examination or should have re-contacted the treating Veteran's Administration physician, plaintiff's argument is essentially that the ALJ failed to develop the record. The Tenth Circuit considered a similar issue in Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir.1997). In Hawkins, the Tenth Circuit noted that when a claimant is represented by counsel, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's

---

[1] The court is generally to accept a statement by the ALJ that he or she has considered the entire record Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1498-99 (10th Cir. 1992)

case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record." Id. (citations omitted). Here, claimant was represented by counsel at the hearing, and the ALJ and plaintiff's counsel discussed the completeness of the record. (R. 24). The only supplementation sought by plaintiff's counsel were the Veteran's Administration records, which were accepted by the ALJ. Plaintiff's counsel never requested that the ALJ order a consultative examination or re-contact the treating Veteran's Administration physician. Thus, this argument fails.

## Conclusion

For the reasons set forth herein, the Court AFFIRMS the decision of the Commissioner.

SO ORDERED this 31st day of March, 2011.

T. Lane Wilson
United States Magistrate Judge